IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAWN FILLER, #274-476 <br>     Plaintiff <br><br> v. <br><br> STATE OF MARYLAND <br>     Defendant | * <br> * <br> *     CIVIL ACTION NO. RDB-07-1195 <br> * <br> * <br> ****** |

## MEMORANDUM OPINION

Plaintiff complained he was assaulted while housed at the Baltimore City Correctional Center. Paper No. 1. The Court directed Plaintiff to supplement his initial pleading by providing: (1) the names of the individuals against whom he seeks to bring this action; (2) specifically how the conduct and/or actions of these individuals violated his constitutional rights; and (3) what relief he seeks. The Court is in receipt of Plaintiff's Supplemental Complaint and Motion for Leave to proceed in Forma Pauperis. Paper Nos. 4 and 5. Plaintiff shall be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiff's Supplemental Complaint sheds no additional light on his allegations. Plaintiff maintains that while housed at BCCC, a pre-release facility, he was attacked by an unknown assailant. He does not allege that the attack was occasioned by the action or inaction of any correctional employee. Instead, he merely states that he seeks medical attention for his eye, an early jail release, and compensatory damages, and names as defendants the State of Maryland and BCCC.

While recognizing that advance notification of a substantial risk of assault posed by a particular fellow prisoner is not required to sustain a claim under the Eighth Amendment, *Farmer v. Brennan*, 511 U.S. 825, 849 (1994), the Court finds that Plaintiff's Complaint does not allege

that any correctional employee was subjectively aware that Plaintiff faced an excessive risk of harm. Rather, the assault appears to have been spontaneous and unexpected.

Moreover, under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's claims against the State of Maryland and the Baltimore City Correctional Center are barred by the Eleventh Amendment.

A separate Order shall be entered reflecting the ruling set forth herein.

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

Dated:   June 18, 2007